```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ROY STILLMAN,                                                    :
                                                                 :
                                Plaintiff,                       :
                                                                 :
                -v-                                              :       23 Civ. 7802 (JPC)
                                                                 :
JACQUES DE VOS and GALERIE JACQUES DE VOS,                       :       MEMORANDUM OPINION
                                                                 :           AND ORDER
                                Defendants.                      :
                                                                 :
-----------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

This case, familiarity with which is assumed, arises from Plaintiff Roy Stillman's 2004 purchase from Defendants Jacques De Vos ("De Vos") and Galerie Jacques De Vos of a table ostensibly made by Diego Giacometti, a famous Swiss sculptor. Dkt. 10 ("Am Compl.") ¶ 1. Currently pending before the Court is Defendants' motion to dismiss the operative Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

Most of Defendants' arguments in favor of dismissal concern statutes of limitations and the doctrine of laches. *See* Dkt. 19 ("Motion") at 5. The bar for these challenges is high at the pleadings stage. "[A] statute of limitations dismissal at the motion to dismiss stage is appropriate where the complaint's untimeliness is apparent on its face." *Griffin v. Carnes*, 72 F.4th 16, 21 (2d Cir. 2023). "Laches is an affirmative defense and is generally not available on a motion to dismiss." *Gordon v. Amadeus IT Grp., S.A.*, 194 F. Supp. 3d 236, 251 (S.D.N.Y. 2016) (internal quotation marks and citations omitted). Dismissal on this basis is similarly not warranted unless the defense "is clear on the face of the complaint." *Id.* (internal quotation marks omitted).

The Court first turns to the timeliness of Plaintiff's breach of contract, unjust enrichment, and breach of warranty claims in Counts One, Four, and Five, respectively. *See* Am. Compl. ¶¶ 44-51, 68-71, 72-80.[1] Plaintiff alleges that De Vos promised the following as part of the sale of the table: "if 'after one year' from the purchase date, '[Plaintiff] bec[a]me sincerely concerned with the authenticity of the table . . . [De Vos] promise[d] to return the purchase price of 190.000 USD.'" *Id.* ¶ 19; *see id.* ¶ 46 (describing the repurchase obligation "[a]s part of the sale"). The parties agree that New York law applies to Plaintiff's claims. *See* Motion at 6; Dkt. 22 ("Opposition") at 5.

However, they do appear to contest whether the general, six-year statute of limitations for breach of contract claims under New York Civil Practice Law and Rules ("C.P.L.R.") Section 213(2) applies to Plaintiff's breach of contract claim or whether the more restrictive four-year statute of limitations under Uniform Commercial Code ("U.C.C.") Section 2-725(1) applies. "An alleged agreement is subject to the U.C.C. if it is predominantly for the sale of goods." *Alessi Equip., Inc. v. Am. Piledriving Equip., Inc.*, 578 F. Supp. 3d 467, 492 (S.D.N.Y. 2022) (internal quotation marks omitted). "Whether a contract is for the sale of goods or for services provided is a question of fact. But given a sufficient factual record, a district judge properly may determine as a matter of law whether an agreement falls under the [U.C.C.]." *Larkin v. Saber Auto., LLC*, No. 23 Civ. 2428 (AS), 2024 WL 2882595, at *3 (S.D.N.Y. June 6, 2024) (cleaned up). While it would appear that the agreement—a sale of a table—was "predominantly for the sale of goods,"

---

[1] Although it appears as if Plaintiff intended to attach the contract as an exhibit to his Amended Complaint, no such exhibit is reflected on the docket. *See* Am. Compl. ¶ 19 (quoting from the contract and citing "Exhibit B"). Nevertheless, "a plaintiff does not need to attach a copy of the alleged contract to his complaint or quote directly from the contract, but instead must only allege the essential terms of the contract." *Gould v. ILKB, LLC*, No. 20 Civ. 5154 (DRH), 2022 WL 2079652, at *6 (E.D.N.Y. June 9, 2022) (cleaned up).

2

there remains the thornier question unaddressed in any fulsome fashion by the parties of whether the repurchase promise constituted a "distinct" agreement under the New York Court of Appeals' decision in *Bulova Watch Co. v. Celotex Corp.*, 389 N.E.2d 130 (N.Y. 1979), and its progeny. *See ACE Sec. Corp. v. DB Structured Prods., Inc.*, 36 N.E.3d 623, 628-29 (N.Y. 2015). While Defendants may prove to be correct, factual development and further briefing will be necessary to resolve this dispute. The same conclusion applies to Defendants' arguments for dismissal of Plaintiff's unjust enrichment claim. *See* Motion at 9.[2]

As for Plaintiff's breach of warranty claim, U.C.C. Section 2-725(2) mandates that "[a] breach of warranty occurs when tender of delivery is made" with one exception not applicable here. Plaintiff argues that equitable tolling should apply on the basis of Defendants' "affirmative conduct in misleading Plaintiff" and their "continuous absence from the State." Opposition at 9. The Court has serious doubts about the first proposition. *See Meyer v. Seidel*, 89 F.4th 117, 130 (2d Cir. 2023) ("For [equitable tolling] to apply, 'a plaintiff may not rely on the same act that forms the basis for the claim—the later fraudulent misrepresentation must be for the purpose of concealing the former tort.'" (quoting *Ross v. Louise Wise Servs., Inc.*, 868 N.E.2d 189, 198 (N.Y. 2007))). Nevertheless, the Court concurs with Plaintiff that it should reserve judgment on this issue for a later stage of this case, when the parties can present a fuller factual record. *See Heredia v. Americare, Inc.*, No. 17 Civ. 6219 (WHP), 2018 WL 2372681, at *5 (S.D.N.Y. May 23, 2018).

---

[2] In their reply brief, Defendants argue that Plaintiff's interpretation of the agreement is unreasonable because it stems from a translation of the original that "included a typo." Dkt. 23 ("Reply") at 6. Even if the Court were to overlook the fact that that Defendants made this argument for the first time in their reply brief, this argument appears to rely on matters outside the pleadings and therefore is inappropriate at this juncture. *See Lian v. Tuya*, No. 22 Civ. 6792 (JPC), 2024 WL 966263, at *11 (S.D.N.Y. Mar. 5, 2024); *ATAX New York, Inc. v. Canela #1*, No. 21 Civ. 5916 (JPC), 2022 WL 3018151, at *6 (S.D.N.Y. July 29, 2022).

Defendants also challenge Plaintiff's fraud and fraudulent concealment claims in Counts Two and Three as untimely and barred by laches. *See* Am. Compl. ¶¶ 52-59, 60-67. The parties agree that these causes of action are governed by C.P.L.R. Section 213(8), which mandates that the statute of limitations for "an action based upon fraud . . . shall be the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it." Motion at 7; Opposition at 5;[3] *see Austin v. Fordham Univ.*, No. 21 Civ. 6421 (JPO), 2022 WL 4626485, at *7 (S.D.N.Y. Sept. 30, 2022). Defendants claim that the discovery rule should not apply here because "Plaintiff cannot meet [his] burden to show the alleged fraud could not have been discovered in the nineteen . . . years the Plaintiff has retained the table." Motion at 8 (emphasis removed). Defendants fault Plaintiff for not having "tak[en] the table to an art expert" for some seventeen years. *Id.* To the extent that Defendants intended to argue that Plaintiff had "a duty to inquire," the Court discerns nothing from the face of the Amended Complaint that "would suggest to a person of ordinary intelligence the probability that he has been defrauded," *Meyer*, 89 F.4th at 134 (cleaned up), prior to the earliest when Sotheby's refused consignment after Plaintiff inquired in August 2021 regarding a possible sale of the table, *see* Am. Compl. ¶¶ 22-23. What remains a closer question is whether the two-year statute of limitations under the discovery rule was triggered by Sotheby's refusal to consign—as opposed to the April 2023 expert statement that the table was unequivocally a counterfeit, *see* Am. Compl. ¶ 36—but Defendants reserved their arguments on that issue for their reply brief, *see* Reply at 8. *See Lian*, 2024 WL 966263, at *11 (declining to consider arguments raised for the first time in a reply brief). The Amended Complaint also fails

---

[3] Plaintiff does not appear to contend that the six-year statute of limitations applies to his fraud claims. *See* Opposition at 1 (arguing that these "claims are timely under New York's two year 'discovery' accrual").

to allege when exactly in 2021 Sotheby's refused to consign the table after Plaintiff's August 2021 inquiry about conducting a sale, *see* Am. Compl. ¶¶ 22-23, leaving the pleading's potential untimeliness as to the Sotheby's-related date unclear given that Plaintiff filed the original Complaint on September 1, 2023, Dkt. 1.[4]  Although Defendants may prevail on this issue in later phases of this case, dismissal on statute of limitations grounds is not in order at this juncture.

Similar issues prevent dismissal on the ground of laches at this stage, given New York law's partial focus on "proof of delay in asserting a claim despite the opportunity to do so." *FDIC v. Murex LLC*, 500 F. Supp. 3d 76, 122 (S.D.N.Y. 2020) (quoting *Rapf v. Suffolk Cnty. of N.Y.*, 755 F.2d 282, 292 (2d Cir. 1985), *superseded by statute on unrelated grounds as recognized in Syms v. Olin Corp.*, 408 F.3d 95, 109 (2d Cir. 2005)).

Finally, Defendants argue that all claims against De Vos should be dismissed.  As for Plaintiff's contractual claims, Defendants correctly gesture to the maxim that, under New York law, "[a] corporate officer or other agent may be held personally liable for a corporation's obligation only where there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal." *Distributorsoutlet.com, LLC v. Glasstree, Inc.*, No. 11 Civ. 6079 (PKC), 2016 WL 1273229, at *9 (E.D.N.Y. Mar. 31, 2016) (internal quotation marks omitted); *see* Motion at 11.  The Amended Complaint suffices at this juncture by alleging "the specific amount guaranteed by [De Vos] and . . . the terms of the underlying contract . . . at issue," *Distributorsoutlet.com*, 2016 WL 1273229, at *9, which allows the Court to at least draw an inference of De Vos's intention to be personally liable for the

---

[4] Although the Amended Complaint was filed on September 11, 2023, "an amendment to allege diversity jurisdiction relates back under Rule 15 of the Federal Rules of Civil Procedure." *LeBlanc v. Cleveland*, 248 F.3d 95, 99-100 (2d Cir. 2001); *see* Dkt. 9 (order directing Plaintiff to amend the original Complaint to cure diversity jurisdiction-related defects).

5

repurchase obligation.  *See* Am. Compl. ¶ 19 (listing the refund amount that De Vos "promise[d] to return" as $190,000).  The Court takes no position as to whether the same showing would suffice as "clear and explicit evidence" of the same in later phases of this matter.

Defendants also provide a declaration from De Vos in which he swears that he "did not sign any guaranty or any other separate acknowledgement that [he] intended to be individually bound by the sale," Dkt. 21 ¶ 5, but the Court cannot rely on this document on a motion to dismiss and further declines to exercise its discretion to convert this motion to one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d), *see Ganske v. Mensch*, 480 F. Supp. 3d 542, 546 n.2 (S.D.N.Y. 2020) ("Because normally summary judgment is inappropriate before the parties have had an opportunity for discovery and that opportunity has not occurred here, the Court will not convert Defendant's motion." (cleaned up)).  Defendants may raise this issue anew in later phases of this litigation.

As for the Amended Complaint's tort claims, "[u]nder New York law, a corporate officer who commits or participates in a tort, even if it is in the course of his duties on behalf of the corporation, may be held individually liable." *Rubinov v. Harrison (In re A.N. Frieda Diamonds, Inc.)*, 633 B.R. 190, 204 (S.D.N.Y. 2021) (quoting *Bano v. Union Carbide Corp.*, 273 F.3d 120, 133 (2d Cir. 2001)) (internal quotation marks omitted).  "In particular, a corporate officer is individually liable for fraudulent acts or false representations of his own, or in which he participates, even though his actions in such respect may be in furtherance of the corporate business." *Id.* (cleaned up).  The Amended Complaint alleges that "De Vos warranted that the table was a genuine Giacometti and provided Stillman with an invoice, and a certificate of authenticity from James Lord, a purported Giacometti expert," Am. Compl. ¶ 16, illustrating at

6

least at this juncture De Vos's personal participation in making the allegedly fraudulent misrepresentations to Plaintiff.

For the foregoing reasons, Defendants' motion to dismiss is denied. The Clerk of Court is respectfully directed to close Docket Number 18.

SO ORDERED.

Dated: August 13, 2024
       New York, New York

_____
JOHN P. CRONAN
United States District Judge

7